IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 4:02-cr-11-SPM/AK

JOSEPH WAYNE OLIVER,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 59, motion to vacate, and Doc. 60, supporting memorandum, filed by Defendant Joseph Wayne Oliver.  The Government has filed its response, Doc. 70, after being granted leave to file its response out of time.  Doc. 69.  Defendant has filed his reply, Doc. 71, and therefore, this cause is in a posture for decision.  Having carefully considered the matter, the Court recommends the motion be denied.

Defendant pled guilty to possession of a firearm by a prior convicted felon, Docs. 32 & 33, and was sentenced to 70 months imprisonment.  Docs. 40 & 42.  Thereafter, he timely appealed, Doc. 41, arguing "that the district court (1) plainly erred in assessing him a two-level enhancement under U.S.S.G. § 2K2.1(b)(1)(A) because the offense involved three firearms, and (2) erroneously believed it lacked the authority to grant his request for a downward departure." Doc. 58.  The Eleventh Circuit affirmed.  *Id.*

Because Defendant's claims involve allegations that his counsel was ineffective, a consideration of *Strickland v. Washington*, 466 U.S. 668 (1984), is appropriate before the Court examines each claim individually.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must

demonstrate (1) that his counsel's performance was below an objective and reasonable

professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at

686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either

the performance or the prejudice prong. *Id*. at 697. The court need not address the adequacy of

counsel's performance when a defendant fails to make a sufficient showing of prejudice. *Id.; see*

*also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual

support for his contentions that counsel's performance was constitutionally deficient. *Smith v.*

*White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). The court must consider counsel's performance

in light of all of the circumstances at that time and indulge in a strong presumption that counsel's

conduct fell within the wide range of reasonably professional assistance. *Strickland*, 466 U.S. at

689-90. To show counsel's performance was unreasonable, a defendant must establish that "no

competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*,

257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "An ambiguous or silent record is not

sufficient to disprove the strong and continuing presumption...that [counsel] did what he should

have done and that he exercised reasonable professional judgment." *Chandler v. United States*,

218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001). "The

relevant question is not whether counsel's choices were strategic, but whether they were

reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for

determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would

interfere with counsel's independence–which is also constitutionally protected–and would

restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d

1223, 1244 (11th Cir. 2001).  "To uphold a lawyer's strategy, [the Court] need not attempt to divine the layer's mental processes underlying the strategy."  *Chandler*, 218 F.3d at 1315 n.16.  "No lawyer can be expected to have considered all of the ways [to provide effective assistance]."  *Id*.  Quite importantly,

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on.  The lawyer's strategy was course A.  And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding."  *Strickland*, 466 U.S. at 693.  Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome."  *Id*.  Additionally, prejudice is established only with a showing that the result of the proceeding was fundamentally unfair or unreliable.  *Lockhart v. Hill*, 506 U.S. 364, 370 (1993).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail...are few and far between."  *Chandler*, 218 F.3d at 1313 (11th Cir. 2000).  This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether a reasonable lawyer could have acted in the circumstances as defense counsel acted.  *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000), *cert. denied*, 534 U.S. 903 (2001).

In his motion to vacate, Defendant alleges three grounds of ineffective assistance of

counsel.  The first ground, that counsel failed to appeal, is plainly belied by the record and conceded by Defendant in his reply.

In the second ground, Defendant charges that counsel was ineffective for failing timely to investigate the facts and file a motion to suppress.  More specifically, he maintains that counsel "at the last minute...investigated and learned that [Defendant] had not in fact filled out nor sign[ed] the ATF Form 4473."  Apparently, Defendant's girlfriend completed the form for him, but it is unclear who actually signed it.  Doc. 29; Presentence Investigation Report.  In any event, the form indicated that Defendant was not a prior convicted felon, when, in fact, he had three prior felony convictions.  *Id.*  It was the investigation into the firearms application which led to Defendant's interview by ATF in which Defendant admitted he was a prior convicted felon, the consensual search of Defendant's residence during which agents recovered ammunition, and the subsequent recovery of various firearms which Defendant had secreted with his son.  Although Defendant did not specifically define the contours of the motion his attorney should have filed, he does, as the Government points out, appear to be articulating a theory that "he was not guilty of the offense of supplying false information on the ATF form and that therefore all matters occurring after his arrest were tainted."  Doc. 70.

As the Government points out, even if Defendant did not fill out or sign the ATF form himself, this was not grounds for filing a motion to suppress.  Implicit in every substantive charge is an alternative charge under 18 U.S.C. § 2, permitting a defendant to be found guilty as a principal for aiding or procuring someone else to commit a substantive offense against the United States.  *United States v. Martin*, 747 F.2d 1404, 1407 (11th Cir. 1984).  Defendant does not assert any other basis for suppressing his statements to the ATF or the subsequent search of

his home, and therefore, counsel was not ineffective for failing to move for suppression.

Finally, Defendant claims that counsel should have objected to the assessment of excessive criminal history points for two convictions which he claims constituted "diversionary dispositions." Having carefully considered the matter, the Court believes that Defendant's argument "reflects a misunderstanding of...what constitutes a 'diversionary disposition' under the guidelines." *United States v. Shazier*, 179 F.3d 1317, 1319 (11th Cir. 1999). A "diversionary disposition" is a "'diversion from the judicial process,'" i.e., being "excused from serving that sentence." A nolo contendre plea with an adjudication of guilt and an assessment of sentence is not a "diversionary disposition." Defendant served two years for his conviction for aggravated assault with intent to kill and one year for felony driving under the influence and while license was suspended/revoked. Thus, because neither § 4A1.2(f) nor § 4A1.1(c) applies, counsel was not ineffective for failing to challenge the point assessments.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to vacate, Doc. 59, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this  27th  day of June, 2006.

**s/ A. KORNBLUM                                    **
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations**

Case No: 4:02-cr-11-SPM/AK

**within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**