IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 4:02cr11-SPM

JOSEPH WAYNE OLIVER

_____/

## FINDINGS ON LIMITED REMAND

This case comes before the Court on limited remand from the United States Court of Appeals for the Eleventh Circuit to state the factual findings and reasons relied upon for the revocation of Defendant's supervised release. Defendant's hearing took place on April 13, 2009. Three violations were alleged. The first concerned Defendant's positive urine test for marijuana on June 12, 2008. The second concerned Defendant's failure to participate in a drug treatment program. The third concerned Defendant's failure to participate in a mental health treatment program. The second and third violations were based on Defendant's failure to attend a scheduled appointment with Dr. Nancy Wonder on December 11, 2008, and failure to satisfactorily participate in a treatment program from Defendant's date of referral on June 12, 2008, to the date of the violation petition on February 12, 2009.

The Court heard testimony from probation officer Mike Sobeski, from Defendant, and from Phyllis Young-Oliver, who lives with Defendant.  It was undisputed that Defendant had taken a prescription medication, Marinol, on or about June 12, 2008, which resulted in the positive urine test for marijuana.  It was also undisputed that Defendant did not attend the scheduled appointment with Dr. Wonder on December 11, 2008, and that Defendant had not participated in regular counseling sessions either before or since.  Defendant argued, however, that his violations were not willful because he did not know that Marinol was a controlled substance and that the problems he had in attending counseling sessions stemmed from (1) a storm that had made the road leading from his home impassable on December 11, 2008, (2) difficulty in scheduling appointments with Dr. Wonder, and (3) problems with obtaining transportation to attend counseling sessions.

Defendant's testimony was not credible.  Regarding the Marinol, when Mr. Sobeski arrived at Defendant's house on June 12, 2008, Defendant stated that he could not take a drug test because he had just taken some Marinol tablets that he received from Ms. Oliver.  Ms. Oliver is a former nurse.  The Court finds that Defendant knew that Marinol was prescription drug and that taking the drug would result in a violation of the conditions of his supervision.

Regarding the failure to attend counseling sessions, Defendant's testimony about the condition of the road was not entirely credible.  Mr. Sobeski

received information from the electric company that the road in question was passable on the morning of December 11, 2008.  Moreover, Defendant's failure to attend counseling sessions before and after December 11, 2008, demonstrate that he has not made a good faith effort to participate in a program of mental health and drug treatment.

This is not a case where Defendant has missed appointments on occasion due to difficulties beyond his control.  Defendant has a long history of mental health and substance abuse problems, for which he is in need of treatment.  Defendant, however, has continued to drink alcohol to excess while on supervised release.  Defendant willfully used Marinol, a controlled substance.  He has made virtually no effort to participate in mental health and drug treatment.  Defendant has shown that he simply is not willing to comply with conditions of supervised release.

A sentence of eight months imprisonment, with no supervised release to follow, is sufficient, but not greater than necessary, to meet the purposes of 18 U.S.C. § 3553(a).  In particular, the sentence is needed to promote respect for the law, provide just punishment, and afford adequate deterrence to others.

DONE AND ORDERED this 2nd day of October, 2009.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge